UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| MANETIRONY CLERVRAIN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:22-cv-00082-LEW |
| | ) | |
| MATTHEW DUNLAP, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER REVIEW**
**OF PLAINTIFF'S COMPLAINT**

Plaintiff seeks to recover damages as the result of Defendants' alleged violation of federal law and Plaintiff's constitutional rights.[1] (Complaint, ECF No. 1.) With his complaint, Plaintiff filed 12 motions. Plaintiff did not pay the filing fee and did not file a motion to proceed without the payment of fees.[2] After a review of Plaintiff's complaint, I recommend the Court dismiss the matter.

---

[1] Although in the caption of his complaint, Plaintiff lists nearly one hundred individuals as defendants, in the substantive complaint, Plaintiff names as defendants Matthew Dunlap, Maine's former Secretary of State; Janet Mills, Maine's Governor; a United States Representative for Maine, Jared Golden; and Kyungs Auh, who, according to Plaintiff, is an Immigration Judge in New York. (Complaint at 3.)

[2] Plaintiff filed a motion entitled "Motion for ['Alien Status'] or ['Pauperis Status'] or Criteria to Consider by Invoking the ANT(s) Movement Act ("TAMA'"). (Motion, ECF No. 3.) While the relief Plaintiff seeks in the motion is difficult to discern, Plaintiff failed to provide any information from which the Court could assess a request to proceed without payment of fees.

## DISCUSSION

First, dismissal of Plaintiff's complaint is appropriate based on Plaintiff's failure to pay the filing fee or obtain leave to proceed without payment of fees. In addition, dismissal is warranted as the Court lacks jurisdiction over Plaintiff's claims.

Issues of subject matter jurisdiction "can be raised sua sponte at any time" because they relate to the fundamental Article III limitations on federal courts. *See McBee v. Delica Co.*, 417 F.3d 107, 127 (1st Cir. 2005). Courts have determined that this principle includes sua sponte dismissals prior to service of process on the named defendants when a complaint is frivolous or obviously lacks merit:

> Because [Plaintiff] is neither a prisoner nor proceeding in forma pauperis in district court, the provisions of 28 U.S.C. §§ 1915(e)(2), 1915A, permitting sua sponte dismissal of complaints which fail to state a claim are inapplicable. However, frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid. In addition, because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted.

*Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014) (internal citations omitted); *see also*, *Evans v. Suter*, No. 09-5242, 2010 WL 1632902, at *1 (D.C. Cir. Apr. 2, 2010) ("Contrary to appellant's assertions, a district court may dismiss a complaint sua sponte prior to service on the defendants pursuant to Fed.R.Civ.P. 12(h)(3) when, as here, it is evident that the court lacks subject-matter jurisdiction"); *Rutledge v. Skibicki*, 844 F.2d 792 (9th Cir. 1988) ("The district court may sua sponte dismiss a complaint prior to the issuance of a summons if the court clearly lacks subject matter jurisdiction or lacks jurisdiction because the claim is wholly insubstantial and frivolous"); *Best v. Kelly*, 39 F.3d 328, 331

(D.C. Cir. 1994) (suggesting that dismissal for lack of jurisdiction may be warranted for complaints such as "bizarre conspiracy theories," "fantastic government manipulations of their will or mind," or "supernatural intervention").  A court's expeditious sua sponte review is based on the longstanding doctrine that federal subject matter jurisdiction is lacking when the federal issues are not substantial.  *See Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (jurisdiction is lacking when claims are "so attenuated and unsubstantial as to be absolutely devoid of merit," "wholly insubstantial," "obviously frivolous," "plainly unsubstantial," "no longer open to discussion," "essentially fictitious," or "obviously without merit"); *Swan v. United States*, 36 F. App'x 459 (1st Cir. 2002) ("A frivolous constitutional issue does not raise a federal question, however"). [3]

Here, Plaintiff's allegations are largely incomprehensible, and Plaintiff does not describe the relationship of the named defendants to the allegations he asserts. Plaintiff's allegations can be fairly characterized as not substantial.  Dismissal, therefore, is warranted.

This is the second action Plaintiff filed in this Court.  *See Clervrain v. Dunlap*, 1:20-cv-00404-LEW. The Court dismissed Plaintiff's prior complaint after a preliminary

---

[3] Although the doctrine has been criticized for conflating jurisdiction over a claim with the merits of that claim,  *see e.g.*, *Rosado v. Wyman*, 397 U.S. 397, 404 (1970) (the maxim is "more ancient than analytically sound"); *Bell v. Hood*, 327 U.S. 678, 682–83, 66 S. Ct. 773, 776, 90 L. Ed. 939 (1946) (regarding "wholly insubstantial and frivolous" claims, "[t]he accuracy of calling these dismissals jurisdictional has been questioned"), the doctrine nevertheless remains good law.  *See Crowley Cutlery Co. v. United States*, 849 F.2d 273, 276 (7th Cir. 1988) ("Although most of the Court's statements of the principle have been dicta rather than holdings, and the principle has been questioned, it is an established principle of federal jurisdiction and remains the federal rule.  It is the basis of a large number of lower-court decisions, and at this late date only the Supreme Court can change it") (internal quotations and citations omitted); *see also*, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (approving of the doctrine); *Cruz v. House of Representatives*, 301 F. Supp. 3d 75, 77 (D.D.C. 2018) (applying the concept to dismiss obviously meritless claims).

review. Plaintiff has also filed many frivolous lawsuits other federal district courts. *See, e.g., Clervrain v. Jeffreys*, No. 22-cv-571-DWD, 2022 WL 912029, at *1 (S.D. Ill. Mar. 29, 2022) (collecting cases); *Clervrain v. Raimondo*, No. 20-535WES, 2021 WL 149073, at *1 (D. R.I. Jan. 15, 2021) (collecting cases). Given Plaintiff's prior frivolous filing in this Court and the more than ten baseless filings in this action, an order placing Plaintiff on notice that filing restrictions "may be in the offing" in accordance with *Cok v. Family Court of Rhode Island*, 985 F.2d 32, 35 (1st Cir. 1993) is appropriate.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court dismiss Plaintiff's complaint, which dismissal would moot the motions Plaintiff filed with his complaint. I also recommend the Court issue an order placing Plaintiff on notice that filing restrictions "may be in the offing" in accordance with *Cok v. Family Court of Rhode Island*, 985 F.2d 32, 35 (1st Cir. 1993).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 22nd day of April, 2022.