UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| MANETIRONY CLERVRAIN, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | 1:22-cv-00082-LEW |
| ) | |
| MATTHEW DUNLAP, et al., ) | |
| ) | |
| Defendants ) | |

**RECOMMENDED DECISION ON MOTION
FOR RELIEF FROM JUDGMENT**

Plaintiff filed a series of documents under this docket number in an apparent attempt to reinstate this action with some additional parties. The filing was docketed as a motion for relief from judgment. (Motion, ECF No. 17.) I recommend the Court deny the motion and impose filing restrictions on Plaintiff.

**BACKGROUND**

On June 6, 2022, after a review of Plaintiff's complaint, the Court entered judgment dismissing this action after concluding that Plaintiff's allegations were incomprehensible. (Recommended Decision, ECF No. 14; Order Affirming Recommended Decision, ECF No. 15; Judgment, ECF No. 16.) The Court also cautioned Plaintiff, pursuant to *Cok v. Family Court of Rhode Island*, 985 F.2d 32 (1st Cir. 1993), "that in the event he once more files groundless litigation in this Court a filing restriction may be imposed against him, which restriction would bar Plaintiff from filing, without advance permission, any other action in this Court." (Order at 1-2.)

#### DISCUSSION

Federal Rule of Civil Procedure 60 governs the Court's consideration of Plaintiff's request for relief from judgment. Rule 60(b) authorizes the Court to relieve a party from a judgment on the grounds of "(1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b), (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party, (4) the judgment is void, (5) the judgment has been satisfied; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." A party must file the motion within a reasonable time, and for grounds 1 through 3, the party must file the motion within one year of the judgment. Fed. R. Civ. P. 60(c)(1).

First, Plaintiff filed the motion for relief more than a year after judgment entered. In addition, Plaintiff has not asserted any facts that could reasonably be construed as a mistake, newly discovered evidence, or fraud as grounds for relief. Furthermore, Plaintiff has not argued that the Judgment is void, that the Judgment has been satisfied, or that a related judgment has been reversed or vacated. Finally, Plaintiff's assertions do not constitute any "other reason that justifies relief."[1] Plaintiff, therefore, has not asserted facts that would support relief from judgment under Rule 60.

---

[1] Examples of "other" reasons justifying relief under Rule 60(b)(6) include "settlement agreements when one party fails to comply," "fraud by the party's own counsel, by a codefendant, or by a third-party witness," and, most commonly, failure of the losing party "to receive notice of the entry of judgment in time to file

Plaintiff's filing instead consists of baseless allegations similar to Plaintiff's assertions in his original complaint and related filings. Accordingly, consistent with the Court's warning in the order dismissing the matter, filing restrictions are warranted.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court deny Plaintiff's motion to reopen for relief from judgment. I also recommend the Court impose the filing restrictions about which the Court warned Plaintiff in its prior order.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 30th day of July, 2024.

---

an appeal." 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure Civ. § 2864 (3d ed. 2012).